UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| JAMES MALONEY, | ) | |
| Petitioner, | ) ) ) | |
| v. | ) ) | No. 2:17-cv-00362-JMS-DLP |
| SUPERINTENDENT, | ) ) ) | |
| Respondent. | ) | |

**Entry Denying Petition for Writ of Habeas Corpus
and Directing Entry of Final Judgment**

The petition of James Maloney for a writ of habeas corpus challenges a prison disciplinary proceeding identified as No. ISF 17-04-0103. For the reasons explained in this Entry, Mr. Maloney's habeas petition must be **denied**.

**A.  Overview**

Prisoners in Indiana custody may not be deprived of good-time credits, *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004) (per curiam), or of credit-earning class, *Montgomery v. Anderson,* 262 F.3d 641, 644-45 (7th Cir. 2001), without due process. The due process requirement is satisfied with the issuance of advance written notice of the charges, a limited opportunity to present evidence to an impartial decision-maker, a written statement articulating the reasons for the disciplinary action and the evidence justifying it, and "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985); *Wolff v. McDonnell,* 418 U.S. 539, 570-71 (1974); *Piggie v. Cotton*, 344 F.3d 674, 677 (7th Cir. 2003); *Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000).

### B.   The Disciplinary Proceeding

On November 30, 2016, Investigator Taylor issued a Report of Conduct to Mr. Maloney for a violation of Code B-240/212, conspiracy to commit battery. The Report of Conduct stated:

> On March 30th, 2017, an assault occurred in dorm 18S C-Side Latrine at approx. 1845. When interviewed about the incident, Offender [James] Maloney [AT] #185182 claims that he did not witness the fight but did state that the victim, Juan Ramos #249431 owed money. After reviewing the video footage of the incident, it is clear that offenders J. Maloney #185182 and R. Lloyd #257676 enter the latrine at approximately the same time and remain in the latrine until the victim, Juan Ramos #249431 enters the latrine. Once offenders Ramos #249431 proceeds to the back of the latrine, offenders J. Maloney #18518[2] and Lloyd #2587676 follow quickly behind. Offender Maloney #185182 then quickly exits the latrine behind a large number of offenders. Approx. 2 seconds after offender Maloney #185182 exits the latrine, offender Ramos #249431 is seen entering the camera view from the back of the latrine and appears to be disoriented and bleeding. Offender Maloney #185182 goes to directly to 18SC Cube 1 and talks with offenders Johnny Taboada-Perez #119115 (18S-42LC), Angel Diaz #168819 (18S-4LC), Robert Lloyd #2587676 (18S-6LC), and Christopher Sawyer (#234894) [ ] (18S-7LC). All of the above offenders [] were in the latrine during the time of the assault.

Dkt. 8-1 (capitalization modified from original).

Mr. Maloney was provided notice of the offense on April 6, 2017. Mr. Maloney requested the use of a lay advocate but did not request any witnesses. Mr. Maloney did request video footage as physical evidence. The requested video of the incident was reviewed.[1] The summary states:

> On 3.30.17 you Maloney, James #185182 18:45:24 you can be seen entering the latrine with a couple of offenders. At approx. 18:45:29 you can be seen walking to the back of the latrine with several other offender out of camera view. At approx. 18:46:17 you walk back into camera view with another offender and follow him to the sink. You continue to stand in the latrine and walk. At approx. 18:46:41 you can again be seen walking to the back of the latrine with other offenders out of camera view. At approx. 18:47:07 you can be seen walking into the camera view. You walk up to the sink[,] touch something and then at approx. 18:47:12 you can be seen walking out of the latrine. At approx. 18:47:17 an offender can be seen

---

[1] The Court reviewed the video and the summary is accurate.

> walking out of the latrine from the back (from out of camera view) with blood on his face and a torn shirt.

Dkt. 8-6.

The Disciplinary Hearing was held on April 17, 2017. Mr. Maloney stated, "The write up & video, you're gonna find us guilty anyway. I had no part of anything[.] 15 people were in the latrine only interviewed [illegible] and only wrote up 8. That's crazy. I've got a MH code. I don't even know what happened." Dkt. 8-5.

The Hearing Officer found Mr. Maloney guilty based on confidential photos, the video, staff reports, and statement of offender. The recommended and approved sanctions were a written reprimand, loss of privileges, 30 days of lost earned credit time, and imposition of a suspended sentence of 60 days of lost earned credit time. A demotion of one credit class was recommended, but suspended. The Hearing Officer imposed the sanctions because of the seriousness and nature of the offense, the offender's attitude and demeanor during the hearing, and the likelihood of the sanctions having a corrective effect on the offender's future behavior.

Mr. Maloney appealed to Facility Head and the Final Reviewing Authority, both of which were denied. He then brought this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**C.     Analysis**

Mr. Maloney argues that there is not sufficient evidence to find him guilty. He claims that the video does not reflect guilt and that the victim never said Mr. Maloney battered him.

Challenges to the sufficiency of the evidence are governed by the "some evidence" standard. "[A] hearing officer's decision need only rest on 'some evidence' logically supporting it and demonstrating that the result is not arbitrary." *Ellison v. Zatecky*, 820 F.3d 271, 274 (7th

Cir. 2016); *see Eichwedel v. Chandler*, 696 F.3d 660, 675 (7th Cir. 2012) ("The some evidence standard . . . is satisfied if there is any evidence in the record that could support the conclusion reached by the disciplinary board.") (citation and quotation marks omitted). The "some evidence" standard is much more lenient than the "beyond a reasonable doubt" standard. *Moffat v. Broyles*, 288 F.3d 978, 981 (7th Cir. 2002). "[T]he relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Hill*, 472 U.S. at 455-56.

Here, the Hearing Officer was presented with more than "some evidence." The video footage supports the Report of Conduct and Maloney is identified as entering and exiting the latrine moments before the victim exits with clear injuries. Mr. Maloney did not request a statement from the victim and such a statement was not necessary given the video evidence. No relief is warranted on this basis.

### D. Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff*, 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Mr. Maloney to the relief he seeks. Accordingly, Mr. Maloney's petition for a writ of habeas corpus must be **denied** and the action dismissed. Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 4/5/2018

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

JAMES MALONEY
185182
PUTNAMVILLE - CF
PUTNAMVILLE CORRECTIONAL FACILITY
Electronic Service Participant – Court Only

Abigail T. Rom
INDIANA ATTORNEY GENERAL
abby.rom@atg.in.gov